Exhibit A

**MORGAN & MORGAN, PLLC**
**By:**   **Rebecca A. Sweeney, Esquire**
     rsweeney@forthepeople.com
     Identification No. 326951
     One Commerce Square
     2005 Market Street, Suite 350
     Philadelphia, PA 19103
     215-861-0505 (Phone)
     215-861-0530 (Fax)

Attorney for Plaintiff *Filed and Attested by the Office of Judicial Records 31 DEC 2025 12:37 am RICE*

**STEPHEN HEWITT**
166 STRAWBERRY LANE
PERKASIE, PA 18944
                    Plaintiff,
v.
**APPLE INC.**
942 LEHIGH LIFESTYLE CENTER
WHITEHALL, PA 18052
-and-
**APPLE LEHIGH VALLEY**
942 LEHIGH LIFESTYLE CENTER
WHITEHALL, PA 18052
                    Defendants.

PHILADELPHIA COUNTY
COURT OF COMMON PLEAS
CIVIL TRIAL DIVISION

No.

JURY TRIAL DEMANDED

### "NOTICE"

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Philadelphia Bar Association
LAWYER REFERRAL & INFO.
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6333

### "AVISO"

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGA.**

Asociación de Licenciados de Philadelphia
Servicio de Referencia e Información
1101 Market Street, 11th Floor
Philadelphia, PA 19107
(215) 238-6333

Case ID: 251203569

## CIVIL ACTION COMPLAINT

1.     Plaintiff, Stephen Hewitt, is an adult individual, citizen, and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.     Defendant, Apple Inc, (hereinafter referred to as "Defendant Apple") is a business entity doing business in the Commonwealth of Pennsylvania with an authorized business address listed in the caption of this Complaint, and which at all relevant times was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the premises located at 942 Lehigh Lifestyle Center, Whitehall, PA 18052 (hereinafter referred to as the "subject premises"). At all times material hereto, Defendant regularly conducted business in Philadelphia County.

3.     At all times material hereto, Defendant Apple acted individually, jointly and/or by and through its agents (actual, express, implied, apparent, ostensible, or otherwise), servants, and/or employees for the inspection, maintenance, repair, care and control of the subject premises. The identities of these agents, employees, office staff, and maintenance workers who were responsible for providing a safe means of travel through the subject premises free of dangerous conditions as well as inspecting, maintaining, repairing, and/or supervising the area(s) in and around the location where Plaintiff was injured, is better known to Defendant Apple than they are to the Plaintiff.

4.     Defendant, Apple Lehigh Valley, (hereinafter referred to as "Defendant Apple LV") is a business entity doing business in the Commonwealth of Pennsylvania with an authorized business address listed in the caption of this Complaint, and which at all relevant times was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the subject premises.

2

5.     At all times material hereto, Defendant Apple LV acted individually, jointly and/or by and through its agents (actual, express, implied, apparent, ostensible, or otherwise), servants, and/or employees for the inspection, maintenance, repair, care and control of the subject premises. The identities of these agents, employees, office staff, and maintenance workers who were responsible for providing a safe means of travel through the subject premises free of dangerous conditions as well as inspecting, maintaining, repairing, and/or supervising the area(s) in and around the location where Plaintiff was injured, is better known to Defendant Apple LV than they are to the Plaintiff.

6.     On or about September 1, 2025, Plaintiff, Stephen Hewitt, was an invitee, licensee, and/or otherwise legally on the subject premises when, as a result of the negligence and/or carelessness of Defendants, individually and/or by and through its agents, servants, and/or employees, Plaintiff was caused to fall suddenly due to a unsteady, defective and/or poorly maintained chair/stool which fell from under Plaintiff when he attempted to sit in it.

7.     At all relevant times, Plaintiff acted in a safe, prudent, and reasonable manner and in no way contributed to his injuries or damages.

8.     As a result of this incident, Plaintiff suffered severe and permanent bodily injuries which are set forth at length below.

## COUNT I – NEGLIGENCE
### STEPHEN HEWITT V. APPLE INC.

9.     Plaintiff incorporates by reference the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

10.     The negligence and/or carelessness of Defendant Apple, acting individually and/or by and through Defendant Apple's agents, servants, and/or employees consisted of the following:

a)  failing to maintain the chairs/stools of the subject premises in a reasonably safe

3

condition;

b) failing to warn persons, such as Plaintiff, of the presence of a falling hazard from the chairs/stools of the subject premises;

c) failing to remove the falling hazard from the subject premises, including unsteady chairs/stools;

d) failing to provide signage and/or warnings indicating that a dangerous condition existed on the subject premises, unsteady chairs/stools;

e) failing to exercise reasonable care for the safety of the Plaintiff;

f) permitting and allowing persons, such as Plaintiff, to use/sit in the chair Plaintiff interacted with when Defendant knew, or should have known, of the unreasonably dangerous conditions which existed;

g) failing to undertake sufficient inspections of the subject premises for dangerous conditions, such as unsteady chairs/stools;

h) failing to remedy the known hazardous condition of unsteady chairs/stools on the subject premises;

i) creating, and permitting to exist, a dangerous and hazardous condition for invitees, such as unsteady chairs/stools;

j) failing to discover unsafe conditions on the property which posed an unreasonable risk to invitees upon inspection of subject premises;

k) failing to remedy unsafe conditions on the subject premises despite having sufficient time to do so; and

l) disregarding unsafe conditions on the subject premises, including a unsteady chairs/stools, that posed an unreasonable risk of harm to Plaintiff and other business invitees, despite having knowledge of the same and having sufficient time to remedy the unsafe conditions.

11.     As a direct and proximate result of Defendant Apple's negligent and/or careless conduct, Plaintiff sustained the following serious and permanent personal injuries, serious impairment of body function, and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: Acute L4 superior endplate compression fracture; with concurrent findings of L3 compression deformity and multilevel lumbar spinal stenosis, notably severe at L3-4 and L4-5; pain management including injections, neurosurgical referral, past and future medical, hospital, rehabilitative, and nursing treatment, as well as expenses associated therewith, and other ills and injuries, all to Plaintiff's great loss and detriment.

12.     As a result of these injuries, all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great pain, anguish,

4

sickness and agony and will continue to suffer for an indefinite amount of time.

13.    As an additional result of the negligence and/or carelessness of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered as well as expenses associated therewith; diminished quality of life; past and future inability to engage in activities of daily living; and past and future physical and emotional pain and suffering, mental anguish, humiliation, embarrassment, loss of life's pleasures, diminished ability to ambulate and to engage in activities of daily living, and emotional distress.

14.    Furthermore, in addition to all the injuries and losses suffered, Plaintiff has incurred and may in the future incur medical, rehabilitative and other related expense in the amount equal to and/or in excess of any applicable health insurance coverage for which Plaintiff has not been reimbursed and upon which the Plaintiff makes a claim for payment in the present action.

**COUNT II – NEGLIGENCE**
**STEPHEN HEWITT V. APPLE LEHIGH VALLEY**

15.    Plaintiff incorporates by reference the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

16.    The negligence and/or carelessness of Defendant Apple LV, acting individually and/or by and through Defendant's agents, servants, and/or employees consisted of the following:

a) failing to maintain the chairs/stools of the subject premises in a reasonably safe condition;
b) failing to warn persons, such as Plaintiff, of the presence of a falling hazard from the chairs/stools of the subject premises;
c) failing to remove the falling hazard from the subject premises, including unsteady chairs/stools;
d) failing to provide signage and/or warnings indicating that a dangerous condition existed on the subject premises, unsteady chairs/stools;
e) failing to exercise reasonable care for the safety of the Plaintiff;
f) permitting and allowing persons, such as Plaintiff, to use/sit in the chair Plaintiff interacted with when Defendant knew, or should have known, of the unreasonably dangerous conditions which existed;
g) failing to undertake sufficient inspections of the subject premises for dangerous

5

conditions, such as unsteady chairs/stools;

h)  failing to remedy the known hazardous condition of unsteady chairs/stools on the subject premises;

i)  creating, and permitting to exist, a dangerous and hazardous condition for invitees, such as unsteady chairs/stools;

j)  failing to discover unsafe conditions on the property which posed an unreasonable risk to invitees upon inspection of subject premises;

k)  failing to remedy unsafe conditions on the subject premises despite having sufficient time to do so; and

l)  disregarding unsafe conditions on the subject premises, including a unsteady chairs/stools, that posed an unreasonable risk of harm to Plaintiff and other business invitees, despite having knowledge of the same and having sufficient time to remedy the unsafe conditions.

17.    As a direct and proximate result of Defendant Apple LV's negligent and/or careless conduct, Plaintiff sustained the following serious and permanent personal injuries, serious impairment of body function, and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: Acute L4 superior endplate compression fracture; with concurrent findings of L3 compression deformity and multilevel lumbar spinal stenosis, notably severe at L3-4 and L4-5; pain management including injections, neurosurgical referral, past and future medical, hospital, rehabilitative, and nursing treatment, as well as expenses associated therewith, and other ills and injuries, all to Plaintiff's great loss and detriment.

18.    As a result of these injuries, all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite amount of time.

19.    As an additional result of the negligence and/or carelessness of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered as well as expenses associated therewith; diminished quality of life; past and future inability to engage in activities of daily living; and past and future physical and emotional pain and suffering, mental anguish, humiliation, embarrassment, loss of life's pleasures, diminished ability to ambulate and to engage

Case ID: 251203569

in activities of daily living, and emotional distress.

20.     Furthermore, in addition to all the injuries and losses suffered, Plaintiff has incurred and may in the future incur medical, rehabilitative and other related expense in the amount equal to and/or in excess of any applicable health insurance coverage for which Plaintiff has not been reimbursed and upon which the Plaintiff makes a claim for payment in the present action.

**WHEREFORE**, Plaintiff, Stephen Hewitt, demands judgment in his favor and against Defendant Apple and Defendant Apple LV, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) plus all reasonable costs and any other relief the court deems necessary.

**MORGAN & MORGAN, PLLC**

Dated: December 30, 2025                    By:     _/s/ Rebecca A. Sweeney_
                                                    REBECCA A. SWEENEY, ESQ.
                                                    **Attorney for Plaintiff**

7

## VERIFICATION

I, Rebecca A. Sweeney, hereby depose and state that I am the attorney for Plaintiff, that I have reviewed the foregoing Complaint, and that the facts contained therein are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are made subject to penalties of 18 Pa.C.S. § 4904 relating to unsworn falsifications to authorities.

Dated: December 30, 2025                    By:    /s/Rebecca A. Sweeney
                                                   REBECCA A. SWEENEY, ESQ.

8

Case ID: 251203569